IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BIRDWELL and AMY BIRDWELL, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LIBERTY INSURANCE CORPORATION, ) <br> ) <br> Defendant. ) | Case No. CIV-18-295-D |

**O R D E R**

Upon examination of the Amended Complaint [Doc. No. 4], the Court finds insufficient factual allegations to establish subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, as asserted by Plaintiffs.[1] *See id.* ¶ 1. The Amended Complaint simply identifies Defendant Liberty Insurance Corporation as a foreign corporation; Plaintiffs do not allege its state of incorporation or its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, the Amended Complaint fails to establish complete diversity of citizenship.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). The original defendant, Liberty Mutual Insurance Company, removed the case from state court based on diversity of citizenship between itself and Plaintiffs; Plaintiffs have amended their pleading to substitute a different defendant as the proper party.

IT IS THEREFORE ORDERED that Plaintiffs shall file a second amended complaint that states a sufficient factual basis for diversity jurisdiction within 7 days from the date of this Order.

IT IS SO ORDERED this 9th day of April, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE